My name is David Porter, and I represent the petitioner, Arthur Robbins III. There are two portions of the record that make this an easy case. I'd like to point out the first part to the court in the excerpts of record. These are the recommendations, the report and recommendations of the magistrate judge, Judge Goldner, out of Bakersfield. At tab 5, page 7, she states that there are some claims that are unexhausted. And then at lines 22 to 23, she says, and the court must dismiss a habeas petition that contains any unexhausted claims. Well, that's wrong. And it's wrong as of the day it was written. That was written on July 14, 2005, and two and a half months earlier, on March 30, 2005, as this Court knows, the Supreme Court decided Weber v. Rines, which unanimously held that a district court does not have to dismiss a mixed petition. Now, the magistrate judge, so the magistrate judge obviously got it wrong. She didn't have much help from the respondent who filed the motion to dismiss two weeks after Rines was issued. And at tab 3 of our excerpts of record, at page 4, the Respondent's Counsel told the Court, this Court is required to dismiss petitioner's federal petition for writ of habeas corpus due to petitioner's failure to exhaust his available state remedies. So... Kennedy. You're sort of at a difficult place, and you're in a position to help us out because of the flux of the change of law. Now, with the change of statute, we have all of these cases that have come down, and one of the arguments is whether Kelly is still good law now after the Supreme Court has taken its position in James Gibbs-Hillner. What I'd like to have you turn your attention to, if you would, please, is Bramble's 3. It seems to me that Bramble's 3 kind of tells us where we are now. And Bramble's 3 at least could be read for the asserted position that Kelly is no longer the law of the circuit. So this is a very important issue to us, and I'd certainly like to have your view on Bramble's 3. Well, thank you. Even and I will address that, but even after Rines and Plyler, there are three Ninth Circuit cases, Cassette v. Stewart, Jefferson v. Budge and Jackson v. Reynolds. And they followed Kelly. They followed Kelly. But now we have Bramble's 3 that comes down after Hillner, and it talks about it. And so we have to decide whether or not we've already determined whether subsequent Supreme Court cases have overturned our prior cases on this. The Court in Bramble's said that it was not the responsibility of the district court to advise a pro se petitioner about the statute of limitations. We are not making that argument. We are not saying that the district court was required to advise the pro se petitioner about the statute of limitations. But, and you're not required to throw a lifesaver into the water, but once you do, you can't just throw the rope in after it. And that's what happened in this case. If you look at document 4, which is the, that is not in the excerpts of record, but it is a, it is an order of the magistrate judge filed on November 29, 2004, which asks the, it's not in the excerpts of record, but it is document 4, November 29, 2004, order. Where is it? It's not in the excerpt? We don't have it? You have it in the, it is in the record. It is part of the district court's order. And it is referred to and quoted in our opening brief. Okay. And I'll find that quote for you, Judge. This is the January 26 order of Judge Wenger? No. This is the November 29, 2004 order of the magistrate judge. Okay. That's his R&R? Her R&R is, yes, Your Honor. Not, not the final R&Rs. No, it's just, it's a preliminary order where she said that she directed the petitioner to file an amended petition because that, the original petition was not signed and did not indicate if the petitioner had filed any state post-conviction petitions. And she said, this information must include the dates of filing and disposition so as to determine whether petitioner has exhausted his state remedies and is in compliance with the limitations period prescribed by 28 U.S.C. 2244-D1. So she's directed him to file a complete petition so that she can make the determination that the statute of limitations has been met. That's in November. He complies with the order, tells her, I have not submitted any state post-conviction petitions. The date of the denial of the petition for review is included in the amended petition. And therefore, from the face of the petition, the court can determine that the statute of limitations, by the time she issued her final findings and recommendation, had expired five months previously. Counsel, I know you have a very limited time, and we prepare our best we can to hear your comments. And usually, if there's a very key order, it's put in the excerpt so we can have it. That's what we get. We get the excerpt, and we rely on counsel to give us that. And I take it this November 2904 letter, which you say is critical, was not put in the excerpt? It was not put in the excerpt, and I apologize for that, Your Honor. But it is in the excerpt. My apology is accepted, but I'm just saying you're at a great disadvantage trying to convince us that a particular order is the key point when we don't get a chance to read the order until some time later when we can get it out of the main file, if you're in San Francisco. Go ahead. Well, I take it while you're looking, I take it your position is that we don't even need to reach the question of whether Kelly survives. That is correct, Your Honor. Okay, Your Honor. On page 17 of our opening brief at footnote 10, I've quoted the language that I just told the Court and cited to it. To determine, she wants Mr. Robbins to find, to submit an amended petition, quote, to determine whether Petitioner has exhausted his state remedies and is in compliance with the limitations period prescribed in 2244D1. That, I believe, takes it out of Bramble's. Is this the complete order in the footnote? No, it is not.  May it please the Court, I am Jeannie Wolfe representing the respondent in this matter. It is our position that the District Court did not have a sua sponte duty to consider whether or not the stay in advance was appropriate in this matter. Therefore, we are asking the Court to affirm the District Court's ruling. Our briefing has provided the Court with a number of reasons why affirmance is appropriate in this case, and I'm happy to answer any questions the Court may have of me, but what I would like to do is to highlight the main points that will show why a sua sponte rule in this case would be bad law and create negative consequences. Would you also in your discussion come back to this issue that counsel just raised on the November 2904 order? Yes, Your Honor. Would you like me to address that now? Why don't you start with that? As long as you take it up when you're done. Okay. Thank you. Just don't overlook it. I'm interested to find out more about it. Why don't you start with that, if you don't mind. All right. Thank you, Your Honor. I have not read the entire order myself, Your Honor. It is the order to which he is referring is at tab 9, number 4, and that is the index of the orders. That is at most what I have read of the order, and what is referenced there is that the magistrate was ordering Mr. Robbins to amend his petition so that he could completely fill out the forms. That's the most that I know about the order. So I'm at somewhat of a loss to look at, since I haven't read it, to be able to make an argument as to what the context of that order really said. But I would argue, nonetheless, that a sui sponte rule is not required here, because, again, I think it would make bad law. Well, do we even get there if, in fact, the court made an error in saying it was required to dismiss the first instance? Your Honor, I don't believe that was an error. I think under Rose v. Lundy, they were required. And as Plyler holds, or Ford and Rines, the district court was not required to give instructions or to advise on the details of the petition. And I would point out, Justice Wallace, Brambles is really a key here for this Court, because I read Brambles to say that there is no sui sponte rule. Admittedly, the facts raised in that case were somewhat different, in that the question became whether or not the Court had to advise the pro se petitioner on the statute of limitations, and whether or not tolling, you know, was available. Yes, that's true. But Brambles also says if you choose to say something and you miss the instructions are affirmatively misleading, are our words affirmatively misleading, then there is a problem. And so the question is, was this November 2904 statement by the magistrate judge affirmatively misleading? Your Honor, I, again, because it's not in the excerpts, I haven't seen it. I would make an argument, though, that there is nothing underlying this record to show that this petitioner was misled in any way on the statute of limitations or on the stay-in-advance procedures. Now, if counsel is making a serious argument in regard, I would have assumed this would have been raised and put in the argument in his opening brief, and that we would have seen some evidence below in the record to show that this petitioner was misled. There's nothing of that kind. So I would submit that I highly doubt that this order was misleading or affirmatively misleading in the way that Brambles has held. Why, in light of Rines, do you think the district court is required to dismiss an expedition? I think it stems back to Lundy, Your Honor, in Rose. Right, but Rines says, no, you can stay. Well, Your Honor, I would disagree just to a bit. That case holds that the court has discretion. Yes. But, I'm sorry. So why is the court required to dismiss if the court has discretion to stay? The court has the discretion to stay, but under Rose, it is required to dismiss it when there's been a mixed petition. And so there's nothing in Rines that says that the court has a sua sponte duty to consider whether the stay in advance is appropriate. Our position is that the burden of proof is on the petitioner to establish the Rines factors. So that absent that showing, the district court was correct that Rose is still good law, it would have to be dismissed. There was no burden here presented by the petitioner that stay in advance should be applied or that any of the factors could be met. Well, I understand your argument on that. I think Mr. Porter may be arguing that the district, that the court was under the misapprehension, that it was required, it didn't have discretion. And that would be wrong. Your Honor, I don't believe that there's any showing here that the court didn't think it didn't have discretion. There's been no positive showing that the court believed it didn't have discretion. What we're missing here is the burden of proof from the petitioner to show that a stay in advance was the appropriate procedure here. There's nothing in this record, petitioner has presented nothing, to affirmatively show that the magistrate or the district court didn't think they had discretion in this matter. What they chose was to dismiss it under Rose v. Lundy. And we know that under Plyler and Rines, there is discretion under Rines, but under Plyler, the district court clearly is not required to act as the attorney. The petitioner does not have the right to have strategy instructions on habeas corpus proceedings from the district court. So I think in order for that to be proven, Justice Thomas, petitioner would have to show somewhere in this record that there was a misunderstanding on the district court's part, on the magistrate's part. There's no showing of that. What is shown is that the magistrate issued the order, there was nothing affirmatively misleading, there was no discretion. Our position is that there is no sui sponte duty, and we would ask this court on the Kelley issue, in your opinion, to find that to the extent Kelley can be read to require a sui sponte duty, that that is overruled. We believe that that's appropriate based on the recent U.S. Supreme Court cases, and also if I'd like to jump and segue, that I believe that if this sui sponte duty rule applies, that it will throw Brambles into serious question, it will also throw Raspberry into serious question, which we cited into that brief, because Raspberry, like Brambles, relied on Plyler to find that there was no duty of the district court, of the judge in the district court to advise the petitioner to include exhausted claims in his petition. Now, factually a little different, granted, but the principles all the same. If this court finds a sui sponte rule, it will just be bad law, it's going to be confusing, and it will be contrary to the U.S. Supreme Court precedence. And I do believe, I would just add, I realize I have just a little time left, I think the solution here for the petitioners is in the Pace case, the U.S. Supreme Court case written by Justice Rehnquist, where, again, a different context, but the majority cited the Rines decision and said that if a petitioner is concerned about protecting his or her rights, a protective petition is the appropriate avenue. Unless there are any questions, Your Honor, I would submit on that and ask that you affirm this decision. Thank you, counsel. Thank you. Rebuttal? Ruling for petitioner would not throw any of this Court's precedent into question. In Jackson, the Court said that the error of the district court was understandable, given the fact that the proceedings in this case predated the opinion in Rines by three years. In this case, the Court issued the findings and recommendations two and a half months after Rines and said the Court must dismiss a petitioner. And in this case, the Court said that the case should be remanded to the district court for it to follow Rines v. Weber. Let me just ask you, I've read this footnote 17. I admit I have a feeling against footnotes. I never put them in my opinions and I rarely read them in briefs, so I wasn't – I hadn't read this before I came to the bench. But it indicates that the magistrate judge was asking the petitioner to amend the petition and to calculate the time period. Now, is your argument that at that time the Court should have also told petitioner that the limitation period expired in February of 2005? Was that the error? Would expire in 2005? At the time the Court issued that order, it didn't know whether the petition – whether the limitations period had expired or not, because the petitioner didn't complete the petition. That's why it was ordering the petitioner to complete the petition and turn it in. Well, as far as this November 2904 order is concerned, what is – in what way is it erroneous? It is telling the – there's nothing wrong with this. This is not erroneous. It's telling the petitioner to turn something in so that I can determine whether the statute of limitations has expired or not. He turns his petition in, there's a motion to dismiss, now the statute of limitations has expired by five months, and she puts out – and the magistrate judge puts out an order that says, you know, you can dismiss if you want, or we'll – and then proceed here, or we'll dismiss for you, and you can go back. By the way, there's a statute of limitations issue out there, and it – and it may have run. Now, she's thrown the life preserver out earlier in November and said, here's this life preserver. I'm going to determine whether the statute of limitations has run, and when she issues her findings and recommendations, many months later, she doesn't do that. Well, there's – there's nothing affirmatively misleading about what she said. What you're suggesting is she should have said more. I'm suggesting that at – by the time she issued her report and recommendations, what she did was affirmatively misleading by saying, you have this option out there to go back, and if you come back and if the statute of limitations hasn't run, then we'll consider the issue on the merits. The statute of limitations had run five months previously when she said that. I mean, your argument is, if – if having raised the issue of the statute of limitations, the district court was – magistrate judge was obligated then to resolve that issue or at least advise the Petitioner correctly, if – if you would see no error if the issue hadn't been raised at all. That's correct. And she did more than just raise it. She said, and determine the statute. Any further questions? The case just heard will be submitted. Thank you both for your arguments. We'll proceed to case report.
judges: Wallace, Thomas, Ezra